STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of DiVincenzo and Sineni | } | Docket No. 214-11-04 Vtec |
| | } | |

Decision and Order on Town's Motion for Summary Judgment

Appellant-Applicants[1] Michael DiVincenzo and Anthony Sineni appealed from a decision of the Development Review Board (DRB) of the Town of Colchester, declining to consider their request for approval of a second story for an approved, but not yet built, single-story structure. Appellant-Applicants are represented by John L. Franco, Jr., Esq.; the Town is represented by Richard C. Whittlesey, Esq. The Town has moved for summary judgment.

The following facts are undisputed unless otherwise noted. The proposal involves an existing small (approximately 46½'' x 75') waterfront lot on Lake Champlain at 883 East Lakeshore Drive. It had been improved with a seasonal dwelling constructed before the adoption of zoning in Colchester. The existing seasonal dwelling was approximately eight feet high with a fairly shallow pitched roof adding approximately another four feet at the peak, for a total height of 12 feet above the ground elevation of 127 feet above sea level. The existing seasonal dwelling[2] measured approximately 35 feet in width. The

existing seasonal dwelling was non-complying with the front setback, both side setbacks, and with the shoreline setback; however, due to the demolition the exact dimensions of its footprint and its location on the lot could not be measured.

Appellant-Applicants applied in August of 2003 for approval of the already-completed demolition of the seasonal dwelling and for the construction of a year-round, single-story structure within the footprint of the demolished seasonal dwelling, with an improved foundation and a new septic system. The application required conditional use approval to convert the seasonal occupancy into a year-round occupancy, and required variances for the front, side, and shoreline setbacks.[3] §1801.1 At the DRB hearing, Appellant-Applicant Sineni clarified that the footprint, dimensions, and height of the proposed reconstructed structure would not change from that which existed prior to the demolition.

The DRB made findings on the variance criteria and on the conditional use criteria, and approved the 2003 application, granting "permission to demolish a seasonal camp, rebuild in the same footprint and convert to a year-round residence. As to the structure, the DRB required that the reconstructed structure "occur" only on the existing footprint, not exceed 634 square feet of living space, that the roof peak not exceed elevation 139', that it be constructed on a slab with a 5' frost wall, that it not have an attic, that the front deck shall remain open and not exceed 10' x 25', that the attached garage not exceed 10' x

18', that it not have more than three bedrooms, and that it not be more than a single-story structure. Appellant-Applicants did not appeal the DRB approval or its conditions, and they became final.

A year later, without having constructed the approved single-story house, Appellant-Applicants submitted the application at issue in the present appeal (the 2004 application) to amend the 2003 permit "to add a second story." The Zoning Administrator required Appellant-Applicants also to complete the portion of the application form addressing the variance review criteria, which was submitted under a cover letter stating that it was submitted "without prejudice to the applicant's position that the permit amendment requested here does not require a variance."

The DRB refused to consider the 2004 application on the basis that the DRB's 2003 action had "'specifically denied the applicant several of the same requests in this variance application," and had imposed specific conditions that the structure not exceed 634 square feet of living space and not have more than a single-story.

A DRB is entitled to reject an appeal and decline to consider a successive application if it "considers the issues raised by the appellant in the appeal have been decided in an earlier appeal or involve substantially or materially the same facts by or on behalf of that appellant." 24 V.S.A. §4470(a). Under prior law, as a general rule the

municipal panel could decline to entertain a second application concerning the same property after a previous application had been denied, unless a substantial change of conditions had occurred.  In re Carrier, 155 Vt. 152, 157-58 (1990).

However, Appellant-Applicants' previous application was not denied, it was granted. If Appellant-Applicants had applied in 2003 for a two-story house and had then been denied, they could be barred from making the current application unless some circumstances had changed.  But they are free to file a new application for a two-story structure after having received approval for the single-story structure.  The fact that the 2003 approval was specifically conditioned on a single-story structure only means that no more than a single-story structure was authorized by the 2003 approval. The issues raised by Appellant-Applicants in the present appeal were not already decided, and do not involve substantially the same facts.  Rather, Appellant-Applicants are entitled to have the DRB consider their two-story application on its merits.

The Zoning Administrator was correct that consideration of the 2004 application on its merits must include consideration of the variance criteria for the entire volume of the two-story structure that will occupy the setbacks.  See, e.g., Appeal of Tucker, 123-7-98 Vtec (July 29, 1999); aff'd, Appeal of Tucker, Docket No. 99-399 (Vt. Supreme Ct., March 10, 2000) (three-justice panel) (copy attached for the parties' information).  It will

be up to the DRB in the first instance, on remand, to determine whether the two-story application meets or does not meet the applicable conditional use and variance criteria.

It would not be appropriate for this Court to consider the merits of the 2004 application, as the DRB has not yet done so. Rather, we grant summary judgment to Appellant-Applicants that the DRB should have considered the merits, and remand for it to do so.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is DENIED, and Summary Judgment is instead GRANTED to Appellant-Applicants, concluding this appeal. The matter is hereby remanded to the DRB for consideration of the merits of the 2004 Application. Any new appeal of the DRB''s action on the 2004 Application will be a new appeal in this Court; any requests for waiver of the filing fee for any such new appeal should contain a reference to the docket number of this appeal.

Done at Berlin, Vermont, this 6th day of May, 2005.

_____
Merideth Wright
Environmental Judge

[1] Mr. Sineni is shown on the application as the landowner and Mr. DiVincenzo is shown as the contact person on the application and as the Applicant and Leaseholder on the wastewater disposal plan.

[2] The existing seasonal dwelling had been demolished prior to the application, due to damage caused by the removal of trees. Issues as to whether either the removal of the trees or the demolition constituted zoning violations are not before the Court in the present appeal.

[3] The variances requested were to allow a 4-foot rather than a 15-foot east side setback; a 2-foot rather than a 15-foot west side setback; a 10-foot rather than a 45-foot front setback, and a 70-foot rather than a 100-foot shoreline setback.